(101 App. Div. 167)      SANDER v. LARNER.

BUTLER v. SAME.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. INSANE PERSONS—INQUIRY—COMPENSATION OF COMMISSIONERS—JUDGMENT
—VALIDITY—STATUTES.

Code Civ. Proc. § 2333, provides that' commissioners appointed to inquire into a person's sanity are entitled to such compensation as the court directs, which the petitioner must pay. . Section 2334 provides that the expenses of the trial must be paid by the petitioner. Section 2336 provides that where a final order is made, dismissing a petition, the court, in its discretion, may award a sum not exceeding $50 costs and disbursements to be paid by the petitioner. *Held* that, where such a proceeding resulted in a determination that the defendant therein was not incapable of managing her own affairs, an award of $350 against defendant as compensation for each of the commissioners was void, and the failure to appeal therefrom did not render the order an adjudication that defendant owed the commissioners the sum awarded.

Appeals from Municipal Court, Borough of Brooklyn, Fifth District.

Actions by Alfred E. Sander and William Morris Butler against Alma Louise Larner (two cases). From judgments for defendant in each case, plaintiffs separately appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Alfred E. Sander, for appellants.
Harry D. Nims, for respondent.

WOODWARD, J. The two actions in which appeals have been taken are identical, except that the plaintiffs are different persons. They were tried together. They are likewise joined in this appeal, so that but one discussion is necessary for both actions.

On the 14th day of December, 1903, Louise A. Coddington, daughter of the defendant, petitioned the Supreme Court for a commission to inquire into the mental capacity of the defendant in these actions; it being alleged that the latter was an habitual drunkard, and incapable of managing her estate. A commission was issued to Alfred E. Sander, counsellor at law, William M. Butler, physician, and another, to inquire, by a jury, into the matters set forth in the petition. The jury found the defendant to be competent to care for herself and her property, and on the 4th day of March, 1904, the Supreme Court, in the county of Kings, issued a final order confirming the findings of the jury, and fixing the fees of Alfred E. Sander and William M. Butler, commissioners, at $350 each, and ordered the Farmers' Loan & Trust Company, which had previously been made the trustee of defendant's estate, to pay the same out of the body of the estate of Alma Louise Larner. The trust company was not a party to the proceeding in any way, and refused to make the payment. On the 20th day of March, 1904, a further order was made, resettling the order of March 4, 1904, and providing that the Farmers' Loan & Trust

Company should pay, and it was commanded to pay, "for and on behalf of said Alma Louise Larner to Alfred E. Sander, Esq., as and for his fees, as such commissioner in these proceedings, the sum of $350." A like provision was made for the other plaintiff. This order the Farmers' Loan & Trust Company entirely disregarded, although served with a certified copy of the order, probably upon advice of counsel, as it had never been a party to the proceeding in any way. The amount of the two orders not being paid, the plaintiffs brought these actions, upon the theory that the order of the court, never having been appealed from, was an adjudication that the defendant owed them the sums fixed by such order, and that there was an implied promise on her part to pay the fees of the commissioners in the proceeding brought to determine her capacity to deal with her own property.

Sections 2333, 2334, and 2336 of the Code of Civil Procedure deal with the questions of costs and expenses in matters of this character; and we find no justification for awarding any costs against the defendant in the proceeding before the commissioners, which proceeding resulted in a determination that she was not incapable of managing her own affairs. The orders, if obeyed, might result in taking her funds for the payment of the claims of the plaintiffs; but, as they did not direct her to do anything, and the court did not have jurisdiction of the Farmers' Loan & Trust Company in connection with that proceeding, there was no occasion for her to appeal from the orders. They did not constitute an adjudication that she owed the plaintiffs anything, and they could not, therefore, afford any foundation for the causes of action attempted to be set up in the pleadings.

The judgments appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., and BARTLETT and HOOKER, JJ., concur.