In re HAMMOND.

(Supreme Court, Special Term, New York County. January 31, 1908.)

1. APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.
    A verdict of sanity upon conflicting testimony of experts will not be
    disturbed on appeal.

2. INSANE PERSONS—COSTS—COSTS AGAINST PETITIONER.
    Where there was reason to believe that a person was insane at the be-
    ginning of inquisition proceedings, upon a subsequent finding of sanity,
    costs or disbursements should not be awarded against petitioner.

3. SAME.
    Upon a verdict of sanity, petitioner cannot claim costs and disburse-
    ments even though there was reason to believe that the party was in-
    sane at the beginning of the inquisition, since the finding of sanity de-
    prives the court of jurisdiction over the property of the person against
    whom the proceedings were taken.

In the matter of James B. Hammond, alleged lunatic, on motion
to dismiss the petition. Motion granted.

J. Addison Young and John Holden, for petitioner.
Jas. W. Osborne and Quigg, Bostwick & Coleman, for respondent.

GREENBAUM, J.   Three inquiries have been had into the mental
condition of James B. Hammond. The first, which resulted in a find-
ing of insanity, was practically uncontested, and was set aside by Mr.
Justice Blanchard, who appointed a new commission. The second re-
sulted in a disagreement of the jury, and the third, conducted before
17 jurors, unanimously found him sane. The commissioners, gentle-
men of high standing, joined with the jurors in signing the inquisition
upon the verdict of the jury that "James B. Hammond is not a lunatic
and is not incompetent to manage himself or his affairs." It appears
to be conceded that, when first committed, Mr. Hammond was suffer-
ing from some form of insanity. The contention between the peti-
tioner and the alleged incompetent was as to the latter's mental condi-
tion at the time of the inquisition. The physicians called as witnesses
in behalf of Mr. James B. Hammond expressed their opinion that in
April last the patient was suffering from toxoemia, a recoverable form
of insanity, and that in November, when the inquiry was being held,
he had fully recovered and was then rational. The experts called in
behalf of the petitioner expressed the opinion that he was suffering
from dementia, which was likely to continue. A great mass of testi-
mony was taken as to the conduct of the respondent at various times,
and upon the conflicting proofs and opinions of the experts the jury
declared him sane. I can see no reason at the present time for dis-
turbing the verdict of the jury, and the motion to dismiss the petition
must be granted.

As already observed, there seems to have been reason for believing
that the respondent was not of sound mind when the proceedings were
begun; and hence I do not think that costs or disbursements should be
awarded against the petitioner. As to petitioner's claim for costs and
disbursements I find no warrant. The finding of sanity deprives the

court of any control over the property of the respondent, and the authorities seem to be uniform in this state that under the circumstances no costs may be charged against the property of the person against whom the proceeding was taken. See cases. cited in Carter v. Beckwith, 128 N. Y. 317, 28 N. E. 582; Matter of Lofthouse, 3 App. Div. 139, 143, 38 N. Y. Supp. 39; Sander v. Larner, 101 App. Div. 168, 169, 91 N. Y. Supp. 428.

Settle order upon notice.